1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda, Suite 425
   San Jose, CA 95126
3  Telephone: (408) 429-6506
   Fax: (408) 369-0752
4  pgore@prattattorneys.com

5  *Attorney for Plaintiffs*



6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11 GEORGE ENGURASOFF and JOSHUA          Case No.  CV 13 3990
12 OGDEN, individually and on behalf of all others
   similarly situated,

13                      Plaintiffs,          **CLASS ACTION AND
                                             REPRESENTATIVE ACTION**
14          -against-
                                             **COMPLAINT FOR DAMAGES,
15 THE COCA-COLA COMPANY and                 EQUITABLE AND INJUNCTIVE
   COCA-COLA REFRESHMENTS USA, INC.          RELIEF**
16
17                      Defendants.          **JURY TRIAL DEMANDED**

18

19       Plaintiffs George Engurasoff and Joshua Ogden (collectively, "Plaintiffs"), individually, and

20 on behalf of similarly situated persons, through their undersigned attorneys, bring this lawsuit against

21 defendants The Coca-Cola Company and Coca-Cola Refreshments USA, Inc. (collectively

22 "Defendants").

23                      **SUMMARY OF THE CASE**

24       1.     The Coca-Cola Company is the world's largest beverage company.

25       2.     Defendants receive a large percentage of their revenue from the sale of containers of

26 Coca-Cola, the world's most popular soft drink.

27       3.     Containers of Coca-Cola, however, fail to state that they contain artificial flavoring or

28 chemical preservatives.

4. Indeed, many containers of Coca-Cola affirmatively and falsely state that they contain no artificial flavoring or chemical preservatives.

5. Such false statements and omissions violate both federal law and California state law and render these products legally misbranded and illegal to manufacture, distribute, or sell to consumers.

6. Defendants are well aware of the health concerns of consumers and knowingly and intentionally engage in such unlawful conduct to deceive consumers and increase profits.

7. Plaintiffs, individually, and on behalf of other consumers who purchased Coca-Cola, now bring this action, not only to recover damages, but to stop Defendants from continuing to engage in such unlawful actions and from continuing to deceive consumers.

8. Federal and California laws regulate the content of labels on packaged food. The federal Food, Drug & Cosmetic Act ("FDCA") and regulations promulgated thereunder bar food manufacturers and distributors like Defendants from selling misbranded and illegal products that contain labels that fail to accurately disclose the nature of the contents in those products.

9. The FDCA and regulations promulgated thereunder are expressly adopted in California's Sherman Food Drug & Cosmetic Law (the "Sherman Law"). *See* California Health & Safety Code § 109875, *et seq.* Therefore, any labeling violation of the FDCA, by definition, is also a violation of the Sherman Law.

10. Under federal and California state law, products such as Coca-Cola are "misbranded" if their "labeling is false or misleading in any particular," or if it does not contain certain information on its labeling. *See* 21 U.S.C. § 343(a); California Health & Safety Code § 110660.

11. Further, any violation of the Sherman Law also constitutes a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); Cal. Bus. & Prof. Code § 17500, *et seq.*; and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"). In this action, Plaintiff asserts claims under these state statutes, as well as under common law.

12. Under both the FDCA and the Sherman Law, Defendants are required to disclose that a product ingredient is being used as artificial flavoring or as a chemical preservative.

13.     Coca-Cola contains phosphoric acid, an artificial, man-made chemical that Defendants use both for flavoring and as a preservative.

14.     Defendants, however, knowingly and intentionally fail to disclose on Coca-Cola containers that phosphoric acid is used in Coca-Cola as either an artificial flavoring or as a chemical preservative.

15.     Indeed, on 2-liter bottles, 24-packs of 12 ounce cans, and 12-packs of 12 ounce cans of Coca-Cola (all of which were purchased by Plaintiffs), Defendants knowingly and intentionally falsely state, "no artificial flavors.  no preservatives added.  since 1886."

16.     For all these reasons, all containers of Coca-Cola sold in the United State are misbranded and illegal.

17.     Plaintiffs now seek to stop Defendants' unlawful conduct.

## PARTIES

18.     Plaintiff George Engurasoff is a resident of San Jose, California.

19.     Plaintiff Joshua Ogden is a resident of San Jose, California.

20.     Both Plaintiffs purchased more than $25.00 worth of Coca-Cola in San Francisco or Alameda County, within the four years preceding the filing of this action (the "Class Period").

21.     Upon information and belief, Defendant The Coca-Cola Company is a Delaware corporation, with its principal place of business at One Coca-Cola Plaza, Atlanta, Georgia.

22.     The Coca-Cola Company is the world's largest beverage company.

23.     It has the world's largest beverage distribution system.  More than 1.8 billion servings of its products are consumed every day.

24.     Defendant Coca-Cola Refreshments USA, Inc. is a Delaware corporation with its principal place of business at One Coca-Cola Plaza, Atlanta, Georgia.

25.     Coca-Cola Refreshments USA, Inc., is The Coca-Cola Company's bottling and customer service organization for North America.

26.     Coca-Cola Refreshments USA, Inc. manufactures, distributes, and sells approximately 88 percent of The Coca-Cola Company's unit case volume in the United States.  Upon information and belief, this includes Coca-Cola.

## JURISDICTION AND VENUE

27.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a State different from a defendant; and (3) the number of members of all proposed plaintiff classes in the aggregate is greater than 100.

28.     The Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged herein occurred in California. Defendants also has sufficient minimum contacts with California, and has otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

29.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTS RELEVANT TO ALL CLAIMS

### Coca-Cola products are misbranded and illegal

30.     All containers of Coca-Cola sold in the United States are misbranded and illegal.

31.     Their sale constitutes violations of both the FDCA and the Sherman Law.

32.     Defendants knowingly and intentionally sold these misbranded products to consumers (including Plaintiffs) with the intent to deceive.

33.     Plaintiffs purchased Coca-Cola within the Class Period.

34.     Plaintiff George Engurasoff purchased Coca-Cola in 2 liter bottles. Plaintiff Joshua Ogden purchased Coca-Cola in 24-packs of 12 ounce cans, and 12-packs of 12 ounce cans.

35.     Containers of Coca-Cola do not state that any Coca-Cola ingredients are used as artificial flavoring or as a chemical preservative.

36.     Labels on 2 liter bottles, 24-packs of 12 ounce cans, and 12-packs of 12 ounce cans of Coca-Cola state, "no artificial flavors. no preservatives added. since 1886."

37.  The ingredients in Coca-Cola include phosphoric acid.

38.  Coca-Cola's own website states: "Phosphoric acid is a used in certain soft drinks, including Coca-Cola, to add tartness to the beverage. Phosphoric acid contains phosphorus, one of the basic elements of nature and an essential nutrient. Phosphorus is a major component of bones."

39.  Coca-Cola's own website also discusses acidulants and states that acidulants are "Acids, which include phosphoric acid and citric acid, and acidic salts help to provide flavoring. They are responsible for the tart taste which helps to balance the sweetness. They also help to reduce the growth of microorganisms (i.e., protect the food from spoiling)."

40.  Although Coca-Cola's website notes that "[p]hosphorus is a major component of bones," phosphoric acid and phosphorus are two different things.

41.  The phosphoric acid added to Coca-Cola is a man-made substance.

42.  Phosphoric acid is used in Coca-Cola as an artificial flavoring.

43.  Phosphoric acid is used in Coca-Cola as a chemical preservative.

44.  21 C.F.R. § 101.22(a)(1) provides that, "The term *artificial flavor* or *artificial flavoring* means any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof.

45.  The function of phosphoric acid in Coca-Cola, in part, is to impart flavor.

46.  Phosphoric acid is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof.

47.  21 C.F.R. § 101.22(a)(3) provides that, "The term *natural flavor* or *natural flavoring* means the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof, whose significant function in food is flavoring rather than nutritional.

48.     A significant function of phosphoric acid in Coca-Cola is flavoring rather than nutritional.

49.     Phosphoric acid is not an essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof.

50.     21 C.F.R. § 101.22(a)(5) provides that, "The term *chemical preservative* means any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties."

51.     As used in Coca-Cola, phosphoric acid tends to prevent or retard deterioration thereof.

52.     Phosphoric acid is not a common salt, sugar, vinegar, spice, or oil extracted from spices, nor is it a substance added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties.

53.     21 C.F.R. § 101.22(c) provides that, "A statement of artificial flavoring, artificial coloring, or chemical preservative shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such statement likely to be read by the ordinary person under customary conditions of purchase and use of such food."

54.     Containers of Coca-Cola do not contain a statement that they contain artificial flavoring.

55.     Containers of Coca-Cola do not contain a statement that they contain chemical preservatives.

56.     All provisions in 21 C.F.R. § 101.22, including those set forth above, are adopted in California's Sherman Law.

57.     Because Coca-Cola containers do not contain statements that they contain artificial flavoring or chemical preservatives, they are misbranded under both the FDCA and the Sherman Law.

58.     Certain Coca-Cola containers also contain the affirmative statement that there are "no artificial flavors. no preservatives added."

59.     This statement is false.

60.     Because these Coca-Cola containers falsely represent that they contain no artificial flavors or preservatives, they are misbranded under both the FDCA and the Sherman Law.

61.     Defendants knowingly and intentionally failed to include statements on containers of Coca-Coca regarding the presence of artificial flavoring and chemical preservatives, despite the fact that Coca-Cola contains artificial flavoring and chemical preservatives.

62.     Defendants knowingly and intentionally falsely stated that Coca-Cola has "no artificial flavors. no preservatives added," despite the fact that Coca-Cola contains artificial flavoring and chemical preservatives.

63.     Had Plaintiffs known that Coca-Cola was misbranded, they would not have purchased Coca-Cola.

64.     Had Plaintiffs known that Coca-Cola was an illegally sold product, Plaintiffs would not have purchased Coca-Cola.

65.     Had Plaintiffs known that Coca-Cola contained artificial flavoring, they would not have purchased Coca-Cola.

66.     Had Plaintiffs known that Coca-Cola contained chemical preservatives, they would not have purchased Coca-Cola.

67.     Plaintiffs' reliance was reasonable.

68.     A reasonable consumer would have been misled by the Defendants' actions.

**Defendants Have Violated California Law**

69.     With respect to each of the aforementioned misbranded Coca-Cola products, Defendants have violated the FDCA and regulations promulgated thereunder.

70.     As a result, Defendants have violated the Sherman Law.

71. *Inter alia*, Defendants have specifically violated the following Sherman Law provisions.

72. Defendants have violated California Health & Safety Code § 110740 because Coca-Cola products bear or contain artificial flavoring, artificial coloring, or chemical preservative without labeling stating that fact.

73. Defendants have violated California Health & Safety Code § 110705 because words, statements, or other information required pursuant to the Sherman Law to appear on the label or labeling are not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

74. Defendants have violated California Health & Safety Code § 110390, which makes it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product.

75. Defendants have violated California Health & Safety Code § 110395, which makes it unlawful to manufacture, sell, deliver, hold, or offer to sell any falsely advertised food.

76. Defendants have violated California Health & Safety Code §§ 110398 and 110400, which make it unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely advertised.

77. Defendants have violated California Health & Safety Code § 110760, which makes it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.

78. Defendants have violated California Health & Safety Code § 110765, which makes it unlawful for any person to misbrand any food.

79. Defendants have violated California Health & Safety Code § 110770, which makes it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer any such food for delivery.

80. Defendants have violated California Health & Safety Code § 110660 because their labeling is false and misleading in one or more ways.

81. Defendants have violated California Health & Safety Code § 110665 because their labeling fails to conform to the requirements for nutrient labeling set forth in 21 U.S.C. § 343(q) and the regulations promulgated thereunder.

82. Defendants have violated California Health & Safety Code § 110670 because their labeling fails to conform to the requirements for nutrient content and health claims set forth in 21 U.S.C. § 343(r) and the regulations promulgated thereunder.

**Purchasers of Misbranded Coca-Cola Have Been Injured**

83. Plaintiffs read and reasonably relied on the labels as described herein when buying Coca-Cola.

84. Plaintiffs relied on Defendants' labeling and based and justified the decision to purchase Coca-Cola, in substantial part, on these labels.

85. At point of sale, Plaintiffs did not know, and had no reason to know, that Coca-Cola contained artificial flavoring or chemical preservatives.

86. At point of sale, Plaintiffs did not know, and had no reason to know, that Coca-Cola products were unlawful and misbranded.

87. Had Plaintiffs been aware of these material facts, they would not have bought Coca-Cola.

88. As a result of Defendants' unlawful misrepresentations, Plaintiffs and millions of others in California and throughout the United States purchased Coca-Cola.

89. Defendants' labeling as alleged herein is false and misleading and was designed to increase sales of the Coca-Cola.

90. Defendants' misrepresentations are part of its systematic labeling practice.

91. A reasonable person would attach importance to Defendants' misrepresentations in determining whether to purchase Coca-Cola.

92. Plaintiffs' purchase of Coca-Cola damaged them.

93.   Such purchases damages Plaintiffs because, *inter alia*, misbranded products are illegal and have no economic value.

94.   Such purchases damages Plaintiffs because, *inter alia*, Plaintiffs had cheaper alternatives available and paid an unwarranted premium for Coca-Cola.

95.   All purchasers of Coca-Cola were injured.

## CLASS ACTION ALLEGATIONS

96.   Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All persons nationwide who, within the Class Period, purchased Coca-Cola (the "Class").

97.   Alternatively, Plaintiff brings this action on behalf of the following class:

> All persons in California who, within the Class Period, purchased Coca-Cola.

98.   The following persons are expressly excluded from the Class: (1) Defendants and their subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

99.   This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

100.   **Numerosity**:  Based upon Defendants' publicly available sales data with respect to Coca-Cola, it is estimated that the Class numbers is potentially in the millions, and that joinder of all Class members is impracticable.

101.   **Common Questions Predominate**:  This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include, for example:

    a.    Whether Defendants engaged in unfair, unlawful or deceptive business practices by failing to properly package and label Coca-Cola sold to consumers;

b.  Whether the food products at issue were misbranded or unlawfully packaged and labeled as a matter of law;

c.  Whether Defendants made unlawful and misleading claims regarding flavoring and preservatives in Coca-Cola;

d.  Whether Defendant violated California Bus. & Prof. Code § 17200 *et seq.*, California Bus. & Prof. Code § 17500 *et seq.*, the Consumer Legal Remedies Act, Cal. Civ. Code. § 1750 *et seq.*, the Sherman Law; or the FDCA and regulations promulgated thereunder;

e.  Whether Plaintiffs and the Class are entitled to equitable and/or injunctive relief;

f.  Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiffs and the Class; and

g.  Whether Defendants were unjustly enriched by their deceptive practices.

102.  **Typicality**: Plaintiffs' claims are typical of the claims of the Class because Plaintiffs bought Defendants' Purchased Products during the Class Period. Defendants' unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants' misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

103.  **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the Class. Neither Plaintiffs nor Plaintiffs' counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent Plaintiffs' interests and those of the members of the Class. Plaintiffs and Plaintiffs' counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

104.  **Superiority**: There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create.  Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

105.  The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive or equitable relief with respect to the Class as a whole.

106.  The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

107.  Plaintiffs and Plaintiffs' counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

108.  Plaintiffs are members of the Class they seek to represent.  Plaintiffs' claims are typical of the Class members' claims.  Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs' claims are typical and representative of the Class.

109. There are no unique defenses which may be asserted against Plaintiffs individually, as distinguished from the Class. The claims of Plaintiffs are the same as those of the Class.

110. No conflicts of interest exist between Plaintiffs and the other Class members. Plaintiff has retained counsel that is competent and experienced in complex class action litigation. Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the Class.

111. This class action is superior to any other method for the fair and efficient adjudication of this dispute.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Business and Professions Code § 17200, *et seq.*
### <u>Unlawful Business Acts and Practices</u>

112. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

113. Defendants' conduct constitutes unlawful business acts and practices.

114. Defendants sold Coca-Cola in California and throughout the United States during the Class Period.

115. Defendants are corporations and, therefore, are "persons" within the meaning of the Sherman Law.

116. Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendant's violations of the advertising provisions of Article 3 of the Sherman Law and the misbranded food provisions of Article 6 of the Sherman Law.

117. Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendants' violations of § 17500, *et seq.*, which forbids untrue and misleading advertising.

118. Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendants' violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

119. Defendants sold to Plaintiffs and the Class products that were not capable of being sold legally, and which have no economic value.

*Class Action Complaint*

120. Plaintiffs and the Class paid a premium price for these products.

121. Defendants' unlawful business acts present a threat and reasonable continued likelihood of injury to Plaintiffs and the Class.

122. As a result of Defendants' illegal business practices, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any Class member any money paid for Coca-Cola.

## SECOND CAUSE OF ACTION
### Business and Professions Code § 17200, *et seq.*
### Unfair Business Acts and Practices

123. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

124. Defendants' conduct as set forth herein constitutes unfair business acts and practices.

125. Plaintiffs and members of the Class suffered a substantial injury by virtue of buying Coca-Cola that they would not have purchased absent Defendant's illegal conduct.

126. Defendants' deceptive marketing, advertising, packaging and labeling of Coca-Cola and their sale of unsalable misbranded products was of no benefit to consumers, and the harm to consumers and competition is substantial.

127. Defendants sold to Plaintiffs and the Class products that were not capable of being legally sold and that have no economic value.

128. Plaintiffs and the Class paid a premium price for Coca-Cola.

129. Plaintiffs and the Class who purchased Coca-Cola had no way of reasonably knowing that the products were misbranded and were not properly marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

130. The consequences of Defendants' conduct as set forth herein outweigh any justification, motive or reason therefor.

131.   Defendants' conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiffs and the Class.

132.   As a result of Defendants' conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Coca-Cola by Plaintiffs and the Class.

**THIRD CAUSE OF ACTION**
**Business and Professions Code § 17200, _et seq._**
**<u>Fraudulent Business Acts and Practices</u>**

133.   Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

134.   Defendants' conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code § 17200, _et seq._

135.   Defendants' misleading marketing, advertising, packaging and labeling of Coca-Cola were likely to deceive reasonable consumers.

136.   Plaintiffs and members of the Class were deceived.

137.   Defendants have engaged in fraudulent business acts and practices.

138.   Defendants' fraud and deception caused Plaintiffs and the Class to purchase Coca-Cola that they would otherwise not have purchased had they known the true nature of these products.

139.   As a result of Defendant's conduct as set forth herein, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Coca-Cola by Plaintiffs and the Class.

///
///
///

**-15-**
_Class Action Complaint_

## FOURTH CAUSE OF ACTION
### Business and Professions Code § 17500, *et seq.*
### Misleading and Deceptive Advertising

140. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

141. Plaintiffs asserts this cause of action for violations of California Business and Professions Code § 17500, *et seq.* for misleading and deceptive advertising against Defendants.

142. Defendants engaged in a scheme of offering Coca-Cola for sale to Plaintiffs and members of the Class by way of, *inter alia*, product packaging and labeling, and other promotional materials.

143. These materials misrepresented and/or omitted the true contents and nature of Coca-Cola.

144. Defendants' advertisements and inducements were made within California and throughout the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such product packaging, labeling, and promotional materials were intended as inducements to purchase Coca-Cola and are statements disseminated by Defendants to Plaintiffs and the Class that were intended to reach members of the Class.

145. Defendants knew, or in the exercise of reasonable care, should have known, that these statements were misleading and deceptive as set forth herein.

146. In furtherance of its plan and scheme, Defendants prepared and distributed within California and nationwide via product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represented the composition and the nature of Coca-Cola.

147. Plaintiffs and the Class necessarily and reasonably relied on Defendants' materials, and were the intended targets of such representations.

148. Defendants' conduct in disseminating misleading and deceptive statements in California and nationwide to Plaintiffs and the Class was and is likely to deceive reasonable

-16-
*Class Action Complaint*

consumers by obscuring the true composition and nature of Coca-Cola in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

149. As a result of Defendants' violations of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiffs and the Class.

150. Plaintiffs and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Coca-Cola by Plaintiffs and the Class.

## FIFTH CAUSE OF ACTION
### Business and Professions Code § 17500, *et seq.*
### <u>Untrue Advertising</u>

151. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

152. Plaintiffs assert this cause of action against Defendants for violations of California Business and Professions Code § 17500, *et seq.*, regarding untrue advertising.

153. Defendants engaged in a scheme of offering Coca-Cola for sale to Plaintiffs and the Class by way of product packaging and labeling, and other promotional materials.

154. These materials misrepresented or omitted the true contents and nature of Coca-Cola.

155. Defendants' advertisements and inducements were made in California and throughout the United States and come within the definition of advertising contained in Business and Professions Code §17500, *et seq.* where the product packaging, labeling, and promotional materials were intended as inducements to purchase Coca-Cola, and are statements disseminated by Defendants to Plaintiffs and the Class.

156. Defendants knew, or in the exercise of reasonable care, should have known, that these statements were untrue.

157.    In furtherance of its plan and scheme, Defendants prepared and distributed in California and nationwide via product packaging and labeling, and other promotional materials, statements that falsely advertise the composition of Coca-Cola, and falsely misrepresented the nature of Coca-Cola.

158.    Purchasers like Plaintiffs and the Class were the intended targets of such representations and would reasonably be deceived by Defendants' materials.

159.    Defendants' conduct in disseminating untrue advertising throughout the United States and California deceived Plaintiffs and members of the Class by obfuscating the contents, nature and quality of Coca-Cola in violation of the "untrue prong" of California Business and Professions Code § 17500.

160.    As a result of Defendants' violations of the "untrue prong" of California Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiffs and the Class.

161.    Plaintiffs and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Coca-Cola by Plaintiffs and the Class.

## SIXTH CAUSE OF ACTION
### Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq.*

162.    Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

163.    This cause of action is brought pursuant to the CLRA.  This cause of action does not currently seek monetary relief and is limited to injunctive relief.

164.    Plaintiffs intend to amend this Complaint to seek monetary relief in accordance with the CLRA after providing Defendants with notice pursuant to Cal. Civ. Code § 1782.

165.    At the time of any amendment seeking damages under the CLRA, Plaintiffs will demonstrate that the violations of the CLRA by Defendants were willful, oppressive and fraudulent, thus supporting an award of punitive damages.

1   166.   Consequently, Plaintiffs and the Class will be entitled to actual and punitive

2   damages against Defendants for its violations of the CLRA.

3   167.   In addition, pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiffs and the Class will be

4   entitled to an order enjoining the above-described acts and practices, providing restitution to

5   Plaintiffs and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed

6   appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

7   168.   Defendants' actions, representations, and conduct have violated, and continue to

8   violate the CLRA, because they extend to transactions that are intended to result, or which have

9   resulted, in the sale of goods or services to consumers.

10   169.   Defendants sold Coca-Cola in California and nationwide during the Class Period.

11   170.   Plaintiffs and members of the Class are "consumers" as that term is defined by the

12   CLRA in Cal. Civ. Code §1761(d).

13   171.   Coca-Cola products are "goods" within the meaning of Cal. Civ. Code §1761(a).

14   172.   By engaging in the conduct set forth herein, Defendants violated and continue to

15   violate Section 1770(a)(5), of the CLRA, because Defendants' conduct constitutes unfair methods

16   of competition and unfair or fraudulent acts or practices in that they misrepresent the particular

17   ingredients, characteristics, uses, benefits and quantities of the goods.

18   173.   By engaging in the conduct set forth herein, Defendants violated and continue to

19   violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods

20   of competition and unfair or fraudulent acts or practices in that it misrepresents the particular

21   standard, quality or grade of the goods.

22   174.   By engaging in the conduct set forth herein, Defendants violated and continue to

23   violate Section 1770(a)(9) of the CLRA, because Defendants' conduct constitutes unfair methods

24   of competition and unfair or fraudulent acts or practices in that it advertises goods with the intent

25   not to sell the goods as advertised.

26   175.   By engaging in the conduct set forth herein, Defendants have violated and continue

27   to violate Section 1770(a)(16) of the CLRA, because Defendants' conduct constitutes unfair

28   methods of competition and unfair or fraudulent acts or practices in that it represents that a subject

-19-
*Class Action Complaint*

of a transaction has been supplied in accordance with a previous representation when they have not.

176.   Plaintiffs request that the Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2).

177.   If Defendants are not restrained from engaging in these practices in the future, Plaintiff and the Class will continue to suffer harm.

**SEVENTH CAUSE OF ACTION**
**<u>Restitution Based on Unjust Enrichment/Quasi-Contract</u>**

178.   Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

179.   As a result of Defendants' fraudulent and misleading labeling, advertising, marketing, and sales of Coca-Cola, Defendants were enriched at the expense of Plaintiffs and the Class.

180.   Defendants sold Coca-Cola to Plaintiffs and the Class that was not capable of being sold and had no economic value.

181.   It would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits it received from Plaintiffs and the Class in light of the fact that the products were not what Defendants purported them to be.

182.   Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiffs and the Class of all monies paid to Defendants for the products at issue.

183.   As a direct and proximate result of Defendants' actions, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

///
///
///

**-20-**
*Class Action Complaint*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, pray for judgment against Defendants as follows:

A.      For an order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B.      For an order awarding, as appropriate, damages, restitution, or disgorgement to Plaintiff and the Class;

C.      For an order requiring Defendants to immediately cease and desist from selling Coca-Cola in violation of law; enjoining Defendants from continuing to market, advertise, distribute, and sell Coca-Cola in the unlawful manner described herein; and ordering Defendants to engage in corrective action;

D.      For all equitable remedies available pursuant to Cal. Civ. Code § 1780;

E.      For an order awarding attorneys' fees and costs;

F.      For an order awarding punitive damages;

G.      For an order awarding pre-judgment and post-judgment interest; and

H.      For an order providing such further relief as this Court deems proper.

Dated: August 27, 2013                    Respectfully submitted,

*Pierce Gore*

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

-21-

*Class Action Complaint*