Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Movants George Engurasoff and Joshua Ogden*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ENGURASOFF and JOSHUA OGDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE COCA-COLA COMPANY and COCA-COLA REFRESHMENTS USA, INC.<br><br>Defendants. | Case Nos.  4:13-cv-03990-JSW<br>4:13-cv-05017-JSW<br>4:14-cv-01067-JSW<br>4:14-cv-01447-JSW<br><br>**NOTICE AND MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO CONSOLIDATE CASES AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Judge:  Hon. Jeffrey S. White<br>Hearing date: June 20, 2014 at 9:00 a.m.<br>Courtroom: 5, Second Floor |
| AYANNA NOBLES and JULIA HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE COCO-COLA COMPANY and | |

COCO-COLA REFRESHMENTS USA, INC.

                      Defendants.

PAUL MERRITT, individually and on behalf of
all others similarly situated,

                      Plaintiff,

                      -against-

BCI COCA-COLA BOTTLING COMPANY OF
LOS ANGELES, and COCA-COLA BOTTLING
COMPANY OF SONORA, CALIFORNIA, INC.,

                      Defendants.

BRISTOL I. AUMILLER, individually and on
behalf of all others similarly situated,

                      Plaintiff,

                      -against-

THE COCA-COLA COMPANY and
COCA-COLA REFRESHMENTS USA, INC.,

                      Defendants.

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on June 20, 2014 at 9:00 a.m., or as soon thereafter as counsel may be heard, all plaintiffs in the four above-captioned actions (collectively, "Movants") will appear through counsel before the Hon. Jeffrey S. White in Courtroom 5, Second Floor, of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612. They will jointly seek the following relief:

1. Pursuant to Fed. R. Civ. P. 42(a), the consolidation of *Engurasoff, et al. v. The Coca-Cola Co., et al.*, Case No. 4:13-cv-03990-JSW; *Nobles, et al. v. Coco-Cola Refreshments USA, Inc.*, Case No. 4:13-cv-05017-JSW; *Merritt v. BCI Coca-Cola Bottling Co. of Los Angeles, et al.*, Case No. 4:14-cv-01067-JSW; and *Aumiller v. The Coca-Cola Co., et al.*, Case No. 4:14-cv-01447-JSW;

2. Pursuant to Fed. R. Civ. P. 23(g), the appointment of The Fleischman Law Firm, PLLC as interim class counsel;

3. Pursuant to Fed. R. Civ. P. 23(g), the appointment of Pratt & Associates as interim local class counsel;

4. The appointment of the following persons to the steering committee: Keith M. Fleischman of the Fleischman Law Firm PLLC; Mark L. Knutson of Finkelstein & Krinsk LLP; Reginald Von Terrell of the Terrell Law Group; and Phillip Timothy Howard of Howard and Associates, P.A.;

5. An Order directing the filing of a consolidated amended complaint;

6. In light of the consolidated amended complaint, the denial of the pending motion to dismiss the *Engurasoff* complaint without prejudice as premature and moot;

7. A briefing schedule for any motion to dismiss such a consolidated amended complaint; and

8. Such other and further relief as the Court deems just and proper.

The four aforementioned putative class actions involve common questions of fact and law and allege substantially similar unlawful conduct (the manufacture, distribution, and sale of misbranded food products) by The Coca-Cola Company and related entities, resulting in injury to overlapping classes. Consolidation of these actions is appropriate.

Counsel for plaintiffs in the *Engurasoff* action, The Fleischman Law Firm and Pratt & Associates are highly qualified law firms with vast experience with class actions and with food misbranding litigations.  These firms have spent hundreds of hours investigating the alleged claims, conducting legal research, and drafting pleadings.  Further, the *Engurasoff* action was the first of the four cases to be filed.  For these reasons, The Fleischman Law Firm and Pratt & Associates are qualified and best-suited to serve as interim class counsel.  Moreover, a steering committee consisting of attorneys for plaintiffs in each of the four actions would be a fair and reasonable means of prosecuting the claims at issue.

Additionally, the filing of a single consolidated amended pleading would result in streamlined proceedings and the reduction of costs and time expenditures by the parties and the Court.  To that end, it would be more efficient for the Court to hear a single motion to dismiss a single consolidated amended complaint in which all parties to all four actions can be heard.  For that reason, the pending motion to dismiss the *Engurasoff* complaint should be denied without prejudice as premature and moot.  Any decision on such a limited motion would not be binding on the plaintiffs in the other three actions.

This motion is based upon this Notice, the annexed Memorandum of Law, the Declaration of Keith M. Fleischman and the Declaration of Ben. F. Pierce Gore., together with all prior papers and proceedings in the four aforementioned actions and any oral argument that may be presented to the Court.

Dated:  April 24, 2014                              Respectfully submitted,


   */s/ Ben F. Pierce Gore*                 */s/ Reginald Von Terrell*   
Ben F. Pierce Gore (SBN 128515)                     Reginald Von Terrell
PRATT & ASSOCIATES                                  The Terrell Law Group
1871 The Alameda, Suite 425                         Post Office Box 13315, PMB #148
San Jose, CA  95126                                 Oakland, CA 94661
Telephone:  (408) 429-6506                          510-237-9700
Fax:  (408) 369-0752                                Fax: 510-237-4616
pgore@prattattorneys.com                            Email: reggiet2@aol.com


Keith M. Fleischman (*admitted pro hac vice*)       Sydney Jay Hall
Bradley F. Silverman (*admitted pro hac vice*)      1308 Bayshore Hwy., Suite 220
THE FLEISCHMAN LAW FIRM, PLLC                        Burlingame, CA 94010
565 Fifth Avenue, Seventh Floor                     650-342-1830
New York, New York 10017                            Email: sydneyhalllawoffice@yahoo.com
Telephone: (212) 880-9571
Fax:  (917) 591-5245                                *Attorneys for Ayanna Nobles and Julia Hughes*
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com                       */s/ Phillip Timothy Howard*   
                                                    Phillip Timothy Howard
*Attorneys for George Engurasoff*                   Howard and Associates, P.A.
*and Joshua Ogden*                                  2120 Killarney Way, Suite 125
                                                    Tallahassee, FL 32309
                                                    850-298-4455
   */s/ Mark L. Knutson*             Email: tim@howardjustice.com
Mark L. Knutson
FINKELSTEIN AND KRINSK LLP                           *Attorneys for Bristol I. Aumiller*
501 West Broadway, Suite 1250
San Diego, CA 92101-3593
(619)238-1333
Fax: (619)238-5425
Email: mlk@classactionlaw.com

*Attorneys for Paul Merritt*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES…………………………………………………………..v

STATEMENT OF ISSUES………………………………………………….………..vii

SUMMARY OF ARGUMENT…………………………………………………….... viii

PRELIMINARY STATEMENT……………………………………………………….1

RELEVANT FACTS AND PROCEDURAL HISTORY……………………………....3

ARGUMENT………………………………………………………………….......... 6

    I.      THE FOUR ACTIONS SHOULD BE CONSOLIDATED...………………….6

    II.     DEFENDANTS ARE JUDICIALLY ESTOPPED FROM
          OPPOSING CONSOLIDATION……………………..…………………….....7

    III.    COUNSEL FOR THE *ENGURASOFF* PLAINTIFFS
          SHOULD BE NAMED AS INTERIM CLASS COUNSEL………………….... 8

          A.     The Fleischman Law Firm Should Be
                 Appointed Interim Class Counsel…………………………………..10

          B.     Pratt & Associates Should Be
                 Appointed Interim Local Class Counsel……………………………13

    IV.    THE COURT SHOULD DIRECT THE FILING
          OF A CONSOLIDATED AMENDED COMPLAINT…………………….....14

    V.     THE MOTION TO DISMISS THE *ENGURASOFF*
          COMPLAINT SHOULD BE DENIED WITHOUT
          PREJUDICE AS PREMATURE AND MOOT……………………………..... 14

CONCLUSION…………………………………………………………………........ 15

1
2

## TABLE OF AUTHORITIES

**Cases**

*Arteris S.A.S. v. Sonics, Inc.*,
2013 WL 3052903 (N.D. Cal. 2013) .................................................................................. 14

*In re Facebook Privacy Litig.*,
2010 WL 5387616 (N.D. Cal. 2010) .................................................................................... 7

*In re Korean Air Lines Co., Ltd.*,
642 F.3d 685 (9th Cir. 2011) ............................................................................................ 14

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
2012 WL 6520368 (N.D. Cal. 2012) .................................................................................. 14

*Marine, Inc. v. Triple A Machine Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ...................................................................................... 6

*Novak v. Kasaks*,
216 F.3d 300 (2d Cir. 2000) .............................................................................................. 11

*Paraggua v. LinkedIn Corp.*,
2012 WL 3763889 (N.D. Cal. 2012) .................................................................................... 9

*Pom Wonderful LLC v. Coca-Cola Co.*,
679 F.3d 1170 (9th Cir. 2012) .......................................................................................... 15

*Rissetto v. Plumbers & Steamfitters Local 343*,
94 F.3d 597 (9th Cir. 1996) ................................................................................................ 8

*Robbins v. Koger Properties, Inc.*,
116 F.3d 1441 (11th Cir. 1997) ........................................................................................ 11

*U.S. v. Capozziello*,
930 F.2d 909 (2d Cir. 1991) .............................................................................................. 11

*U.S. v. Rokofsky*,
920 F.2d 930 (5th Cir. 1990) ............................................................................................ 11

*United States v. Heath*,
970 F.2d 1397 (5th Cir. 1992) .......................................................................................... 10

*Wagner v. Prof'l Eng'rs in Cal. Gov't*,
354 F.3d 1036 (9th Cir. 2004) ............................................................................................ 8

*White Rock Distilleries, Inc. v. Franciscan Vineyards, Inc.*,
2009 WL 498673 (N.D. Cal. 2009) ...................................................................................... 8

*White v. TransUnion, LLC*,
239 F.R.D. 681 (C.D. Cal. 2006) ......................................................................................... 9

*Zhu v. UCBH Holdings, Inc.*,
682 F. Supp. 2d 1049 (N.D. Cal. 2010) .............................................................................. 6

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* .......................................................................... 3

Cal. Bus. & Prof. Code § 17500, *et seq.* .......................................................................... 3

Cal. Civ. Code § 1750, *et seq* ........................................................................................... 3

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 2, 9

Fed. R. Civ. P. 42 ....................................................................................................... 2, 6

## **STATEMENT OF ISSUES**

1.     Should four putative class actions with substantially similar allegations of wrong doing by a related group of defendants resulting in injury to overlapping classes be consolidated where they involve common issues of fact and law?

2.     As agreed upon by plaintiffs in each of the four actions, should counsel for plaintiffs in *Engurasoff*, who have vast experience with class actions and with food misbranding litigations, and who filed the first of the four actions at issue, be appointed as interim class counsel and interim local class counsel?

3.     Upon consolidation, should movants file a consolidated amended complaint?

4.     If the Court directs the filing of a consolidated amended complaint, should the pending motion to dismiss the *Engurasoff* complaint be denied without prejudice as premature and moot?

5.     May defendants oppose consolidation of the actions when they previously represented to this and other Courts that they support consolidation?

# SUMMARY OF ARGUMENT

The complaints in each of the four above-captioned actions allege that the named defendants (The Coca-Cola Company and related entities) engaged in the same type of unlawful conduct. Specifically, each of the four complaints alleges that the named defendants illegally manufactured, distributed, and sold misbranded Coca-Cola products that were worthless as a matter of law. Each complaint is brought on behalf of the named plaintiffs, and overlapping, (but not identical) classes of purchasers of Coca-Cola products.

*Engurasoff,* was the first of the four cases to be filed. Subsequently, the complaints in *Nobles*, *Merritt*, and *Aumiller* raised many common issues of fact and law as the *Engurasoff* complaint. Indeed, pursuant to Civil Local Rule 3-12, the Court has related *Nobles*, *Merritt*, and *Aumiller* to *Engurasoff*. Accordingly, it would be appropriate to consolidate the four actions. Such consolidation will result in the efficient resolution of these common issues, as opposed to piecemeal litigation of the same issues in four separate actions.

Although defendants oppose this motion, they have repeatedly stated - - and represented to other courts - - that it is their intention to consolidate these actions. Indeed, the *Aumiller* action was transferred to this District only after all parties submitted a joint stipulation representing that the action should be transferred "so it can be consolidated with" *Engurasoff*, *Nobles*, and *Merritt*. Now, defendants are judicially estopped from taking a contrary position.

Additionally, all movants are in agreement that counsel for plaintiffs in *Engurasoff*, the Fleischman Law Firm and Pratt & Associates, should be respectively appointed as interim class counsel and interim local class counsel. These firms have vast experience with class actions and food misbranding litigation. They have also spent hundreds of hours investigating claims, conducting research, and drafting pleadings. Movants have also agreed on an appropriate structure for a steering committee, consisting of attorneys representing plaintiffs in each of the four cases.

Finally, a consolidated amended complaint would streamline future proceedings and allow the Court to efficiently address both similar and separate issues at one time. It would also be more efficient for the Court to hear a single motion to dismiss a single consolidated pleading. For that reason, the motion to dismiss the *Engurasoff* complaint should be denied as premature and moot.

1

**PRELIMINARY STATEMENT**

2       Plaintiffs in the four above-captioned actions (collectively, "Movants") respectfully request

3   that the Court consolidate the four above-captioned putative class actions, which are based on

4   substantially similar conduct by the named defendants and raise common issues of fact and law.

5   Movants further request that the Court: appoint counsel for plaintiffs in *Engurasoff, et al. v. The*

6   *Coca-Cola Co., et al.*, Case No. 4:13-cv-03990-JSW as interim class counsel; approve an agreed

7   upon structure for a steering committee; direct the filing of a consolidated amended complaint; and

8   deny the motion to dismiss the *Engurasoff* complaint without prejudice as premature and moot.

9       The plaintiffs in *Engurasoff* brought a putative class action, alleging that defendants The

10   Coca-Cola Company and Coca-Cola Refreshments USA, Inc. illegally manufactured, distributed,

11   and sold misbranded Coca-Cola[1] products that were worthless as a matter of law.  Specifically, in

12   violation of the Food, Drug and Cosmetic Act, FDA regulations, and California's Sherman Law,

13   they failed to disclose that phosphoric acid is used in Coca-Cola as an artificial flavoring and a

14   chemical preservative.  Moreover, several Coca-Cola products affirmatively misrepresent that they

15   contain "no artificial flavors.  no preservatives added.  since 1886."

16       Subsequent to the filing of the *Engurasoff* complaint, three separate and substantially

17   similar class action complaints were filed in *Nobles, et al. v. Coco-Cola Refreshments USA, Inc.*,

18   Case No. 4:13-cv-05017-JSW; *Merritt v. BCI Coca-Cola Bottling Co. of Los Angeles, et al.*, Case

19   No. 4:14-cv-01067-JSW; and *Aumiller v. The Coca-Cola Co., et al.*, Case No. 4:14-cv-01447-JSW.

20   Those putative class actions, brought on behalf of overlapping (but not identical) classes, allege, in

21   many important respects, identical conduct on the part of the same defendants named in *Engurasoff*

22   or related entities.  All four actions raise common issues of fact and law.  For these reasons, the four

23   cases should be consolidated.   Indeed, the Court has already seen fit to relate *Nobles*, *Merritt*, and

24   *Aumiller* to *Engurasoff*.   *Engurasoff* Dkt. ## 32, 43, 53.  Consolidation will result in the efficient

25

26

27   [1]       For the avoidance of confusion, by "Coca-Cola," Movants refer to that specific soft drink
     that is commonly sold in red cans or in bottles with red labels, and that is sometimes referred to as

28   the "original formula."  The term "Coca-Cola" is not meant to include other soft drinks, such as
     Diet Coke, Cherry Coke, or Caffeine Free Coca-Cola, which may have similar names.

1   resolutions of the common issues, as opposed to piecemeal litigation of the same issues in four

2   separate actions.

3       Significantly, defendants have represented to other courts that they want consolidation.   As

4   an example, the *Aumiller* action was transferred to the Northern District of California only after the

5   parties (including defendants) submitted a stipulation representing that the action should be

6   transferred "*so it can be consolidated with*" *Engurasoff*, *Nobles*, and *Merritt*.  *See Aumiller* Dkt. #

7   19 (emphasis added).  Defendants are now estopped from taking a contradictory stance now that

8   *Aumiller*, together with *Nobles* and *Merritt*, has been related to *Engurasoff*.

9       Nevertheless, defendants now do not consent to the consolidation of the actions.  Based on

10  defendants' prior representations regarding consolidation, in accordance with the Court's Order

11  dated April 3, 2014 (*Engurasoff* Dkt. # 51), which directed the *Engurasoff* plaintiffs to "file a

12  motion to consolidate or, if all parties in all four cases agree, a stipulation to consolidate," Movants

13  requested that defendants stipulate to the consolidation of the actions.  Despite defendants'

14  purported support for consolidation, they refused to submit such a stipulation.  Defendants now take

15  the position that consolidation is only appropriate if the pending motion to dismiss the *Engurasoff*

16  complaint is denied.  This refusal to stipulate necessitated the present motion.

17      Additionally, all Movants have agreed that counsel for plaintiffs in *Engurasoff*, the

18  Fleischman Law Firm and Pratt & Associates, should be respectively appointed as interim class

19  counsel and interim local class counsel.  These law firms have vast experience with class actions

20  and with food misbranding litigation.  They have also spent hundreds of hours investigating the

21  alleged claims, conducting research, and drafting pleadings.  Movants have further agreed on an

22  appropriate structure for a steering committee consisting of attorneys representing plaintiffs in each

23  of the four cases.  The proposed structure would be a fair, reasonable, and efficient means of

24  conducting a consolidated litigation.

25      Further, Movants seek an Order directing the filing of a consolidated amended complaint.

26  Such a consolidated pleading will streamline future proceedings and save time, effort, and expense

27  on the part of the parties and the Court.  Among other things, a consolidated amended complaint

28  will resolve any differences in allegations in the four individual complaints.  It will also simplify

1   the issues before the Court by, *inter alia*, alleging a class limited to purchasers of Coca-Cola

2   products in California and Florida, and will not allege a national class.

3       To that end, it would be more efficient for the Court to hear a single motion to dismiss a

4   single consolidated amended complaint in which all parties to all four actions can be heard.  For

5   that reason, the pending motion to dismiss the *Engurasoff* complaint should be denied without

6   prejudice as premature and moot.  Any decision on such a limited motion would not be binding on

7   the plaintiffs in the other three actions.

8                    **RELEVANT FACTS AND PROCEDURAL HISTORY**

9       The *Engurasoff* complaint was filed on August 27, 2013 (Ex. F[2]).  Therein, the named

10  plaintiffs allege that defendants The Coca-Cola Company and Coca-Cola Refreshments USA, Inc.

11  sold misbranded and illegal Coca-Cola products.  Specifically, it is alleged that phosphoric acid is

12  used in Coca-Cola products as both an artificial flavoring and a chemical preservative.  However, in

13  violation of federal and state law, the presence of such artificial flavorings and chemical

14  preservatives is not disclosed on product labels.  Further, with respect to certain products,

15  defendants affirmatively misrepresent that those products state: "no artificial flavors.  no

16  preservatives added.  since 1886."  *Id* at ¶¶ 15, 36, 58, 62.

17      An amended complaint was filed on October 21, 2014.  Ex.G  That amended complaint

18  alleges: separate claims for relief under the "fraudulent," "unlawful," and "unfair" prongs of the

19  Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"); separate claims for

20  relief under the "misleading" and "untrue" prongs of the False Advertising Law, Cal. Bus. & Prof.

21  Code § 17500, *et seq*. ("FAL"); a claim for relief under the California Legal Remedies Act, Cal.

22  Civ. Code § 1750, *et seq* ("CLRA"); and a claim for breach of implied warranty of merchantability

23  was added.  *Id* at ¶¶ 140-223.  Thereafter, defendants moved to dismiss the complaint.  That motion

24  has been fully briefed and a hearing before the Court is currently scheduled for June 20, 2014.  *See*

25  *Engurasoff* Dkt. ## 30, 33, 39, 40, 51.

26      The *Nobles* complaint was filed On October 28, 2013.  Ex. H.  It alleges substantially

27  _____

28  [2]     References to exhibits to the Declaration of Keith M. Fleischman dated April 24, 2014
        ("Fleischman Decl.") are denominated as "Ex. __."

JOINT MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL
Case Nos. 4:13-cv-03990-JSW; 4:13-cv-05017-JSW; 4:14-cv-01067-JSW; 4:14-cv-01447-JSW

3

similar unlawful conduct as alleged in the *Engurasoff* complaint and names the same defendants. Based on substantially similar factual allegations, the *Nobles* plaintiffs allege: separate claims for relief under the "fraudulent," "unlawful," and "unfair" prongs of the UCL; separate claims for relief under the "misleading" and "untrue" prongs of the FAL; a claim for relief under the CLRA; and a claim for relief for unjust enrichment. *Id* at ¶¶ 85-155. Unlike *Engurasoff* amended complaint, the *Nobles* complaint alleges a national class. *Id* at ¶ 69. By Order dated December 30, 2013, the Court granted defendants' motion to relate *Nobles* to *Engurasoff*. *See Engurasoff* Dkt. # 32.

The *Merritt* complaint was filed on October 17, 2013 in California Superior Court, San Diego County. Ex. I. It, too, makes allegations that are substantially similar to those in the *Engurasoff* complaint. However, instead of naming The Coca-Cola Company and Coca-Cola Refreshments USA, Inc. as defendants, the *Merritt* complaint names related entities, BCI Coca-Cola Bottling Co. of Los Angeles and Coca-Cola Bottling Co. of Sonora, California, Inc. *Id* at ¶¶ 18-22. It alleges: separate claims for relief under the "fraudulent," "unlawful," and "unfair" prongs of UCL; separate claims for relief under the "misleading" and "untrue" prongs of the FAL; a claim for relief under the CLRA; and a claim for relief for unjust enrichment. *Id* at ¶¶ 107-80.

On November 15, 2013, *Merritt* was removed to the United States District Court for the Southern District of California. *See Merritt* Dkt. # 1. On March 6, 2014, that action was transferred to the Northern District of California. *Merritt* Dkt. # 23. On March 26, 2014, the Court related *Merritt* to *Engurasoff* and *Nobles*. *Engurasoff* Dkt. # 43. On March 14, 2014, The Coca-Cola Company brought a motion to intervene in the *Merritt* action as a necessary party. *Merritt* Dkt. # 28. That motion remains pending.

On January 9, 2014, the *Aumiller* action was originally filed in the Northern District of Florida. Based on substantially similar allegations, that action was also brought against The Coca-Cola Company and Coca-Cola Refreshments USA, Inc. Ex. J. That complaint alleged claims for relief under Florida consumer protection statutes and common law. It also purports to allege a claim for breach of implied warranty under the Uniform Commercial Code of forty-eight states, including California. *Id* at ¶¶ 138-47.

On March 24, 2014, all parties in *Aumiller* submitted a joint stipulation requesting that the

court transfer that case to the Northern District of California expressly, "so it can be consolidated with" *Engurasoff* and *Nobles*. *Aumiller* Dkt. # 19 (attached as Fleischman Decl. Ex. A). On March 26, 2014, *Aumiller* was transferred to the Northern District of California. *Aumiller* Dkt. # 22. On April 10, 2014, the Court related *Aumiller* to *Engurasoff*. *Engurasoff* Dkt. # 53.

Additionally, the *Engurasoff* plaintiffs are represented by the Fleischman Law Firm, PLLC and Pratt & Associates. As discussed below and in the accompanying declarations, these firms have extensive experience with class actions and with food misbranding litigation. Indeed, the founding member of the Fleischman Law Firm, Keith M. Fleischman is one of the leading class action attorneys in the country. He has personally argued ground-breaking cases in United States Circuit Courts of Appeal, and has represented parties in some of the largest and most note-worthy class actions over the past twenty-five years. *See* Fleischman Decl. Pierce Gore of Pratt & Associates has likely appeared in more food misbranding class actions than any other attorney in the state of California, if not the nation. Indeed, he has represented plaintiffs in over fifty food misbranding class actions. *See* Declaration of Pierce Gore dated April 24, 2014 ("Gore Decl.").

Now, all plaintiffs in the four actions are in agreement that the actions should be consolidated. They have also agreed on a structure for a steering committee and have agreed that counsel for plaintiffs in *Engurasoff* should serve as interim class counsel.

Defendants have previously represented to multiple courts that they want the consolidation of the four actions. As set forth above, the *Aumiller* action was transferred to this District only after the parties thereto (including defendants) submitted a stipulation representing to court that the action should be transferred "*so it can be consolidated with*" *Engurasoff*, *Nobles*, and *Merritt*. *Aumiller* Dkt. # 19 (Ex. A) (emphasis added). Additionally, similar actions against defendants are pending in the Eastern District of New York and the Eastern District of Arkansas. Pending in both of those cases, are motions by defendants to transfer to the Northern District of California for the express purpose of consolidating those actions with the four actions presently before the Court.[3]

---

[3]      Plaintiffs in those actions oppose transfer to the Northern District of California. Those actions respectively assert claims under the laws of New York and New Jersey and under the laws of Arkansas based on purchases occurring in those states. Further, they allege classes limited to purchasers in those states.

*See* memorandum of law in support of motion to transfer in *Lazaroff, et al. v. The Coca-Cola Co., et al.*, Case No. 1:14-cv-01763-ILG-RLM (E.D.N.Y.) (annexed as Fleischman Decl. Ex. B) at 2, 11, 14-15 ("Coca-Cola is also working to transfer the[se] other pending actions to the Northern District of California for consolidation before Judge White.");[4] memorandum of law in support of motion to transfer in *Rankin v. The Coca-Cola Co., et al.*, Case No. 4:13-cv-00690-KGB (E.D. Ark.) (Dkt. #9) (annexed as Fleischman Dec. Ex. C) at 2, 12-13.

By Order dated April 3, 2014 (*Engurasoff* Dkt. # 51), the Court directed the *Engurasoff* plaintiffs to "file a motion to consolidate or, if all parties in all four cases agree, a stipulation to consolidate." Because of defendants' representations that they want consolidation, in accordance with the Court's Order, Movants requested that defendants stipulate to the consolidation of the actions. Defendants, however, support consolidation in name only. Despite defendants' purported support for consolidation, they refused to submit such a stipulation. Rather, now, they take the position that consolidation is only appropriate if the pending motion to dismiss the *Engurasoff* complaint is first denied.

## **ARGUMENT**

### I.   THE FOUR ACTIONS SHOULD BE CONSOLIDATED

"The Court has broad discretion in determining whether or not to consolidate actions." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (White, J.). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Id* (quoting *Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). Here, notions of judicial economy strongly support the position that the four actions be consolidated.

Fed. R. Civ. P. 42(a) states that:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;

---

[4]     Defendants have actually misrepresented to the Eastern District of New York that *Engurasoff*, *Nobles*, and *Merritt* have already been consolidated. *Id* at 5.

1    (2) consolidate the actions; or

2    (3) issue any other orders to avoid unnecessary cost or delay.

3    All four actions involve common questions of fact and law.  Each complaint alleges that

4  named defendants, in violation of federal and state law, committed the same unlawful conduct by

5  manufacturing, distributing, and/or selling the same type of misbranded and illegal food products to

6  named plaintiffs and to members of overlapping, but non-identical, classes.  Under such

7  circumstances, where substantially similar claims are alleged, raising common issues of fact and

8  law, actions should be consolidated.  *See, e.g., In re Facebook Privacy Litig*., 2010 WL 5387616, at

9  *1 (N.D. Cal. 2010) (consolidating cases with substantially similar claims).

10    The consolidation of these cases will reduce the parties' costs.  It will also reduce the time

11  and effort exerted by the Court.  The Court will be able to simultaneously resolve the same or

12  substantially similar legal and factual issues present in all four cases.  It makes little sense for the

13  Court to have to resolve the same issues on four separate occasions, or to review four separate sets

14  of motion papers seeking the same relief.  Further, no party will be prejudiced by the consolidation

15  of the cases.  All cases are still in the pleadings stage and no discovery has been conducted.

16    ## II.    DEFENDANTS ARE JUDICIALLY ESTOPPED FROM OPPOSING CONSOLIDATION

17    Significantly, defendants previously stated that they do not oppose consolidation.  Indeed,

18  they expressly represented to other courts that consolidation must occur.  The *Aumiller* action was

19  transferred to the Northern District of California only after the parties (including defendants)

20  submitted a stipulation representing to court that the action should be transferred "*so it can be*

21  *consolidated with*" *Engurasoff*, *Nobles*, and *Merritt*.  *Aumiller* Dkt. # 19 (Ex. A) (emphasis added).

22    Further, in similar actions against defendants pending in the Eastern District of New York

23  and the Eastern District of Arkansas, defendants have brought motions to transfer to the Northern

24  District of California for the purported express purpose of consolidating those actions with the four

25  actions presently before the Court.  *See* Ex. B at 2, 11, 14-15 ("Coca-Cola is also working to

26  transfer the[se] other pending actions to the Northern District of California for consolidation before

27  Judge White.");  Ex. C at 2, 12-13.  In the Eastern District of New York action, defendants have

28  actually gone so far as to represent to the court that *Engurasoff*, *Nobles*, and *Merritt* have already

1   been consolidated.  *See* Ex. B at 5.

2        Based on these prior representations to courts, defendants are now judicially estopped from

3   taking a contrary position.  "'Judicial estoppel, sometimes also known as the doctrine of preclusion

4   of inconsistent positions, precludes a party from gaining an advantage by taking one position, and

5   then seeking a second advantage by taking an incompatible position.'" *White Rock Distilleries, Inc.*

6   *v. Franciscan Vineyards, Inc.*, 2009 WL 498673, at *2 (N.D. Cal. 2009) (White, J.) (quoting

7   *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)).  "It 'is an

8   equitable doctrine that is intended to protect the integrity of the judicial process by preventing a

9   litigant from "playing fast and loose with the courts."'" *Id* (quoting *Wagner v. Prof'l Eng'rs in Cal.*

10  *Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004)).

11       Defendants facilitated the transfer of *Aumiller* to this Court based on the representation that

12  it would be consolidated with *Engurasoff*, *Nobles*, and *Merritt*.  Now that they have obtained the

13  relief they sought from the transferor court, they cannot take the opposite position before this Court.

14  Neither can defendants represent to federal courts in New York and Arkansas that cases need to be

15  transferred to the Northern District of California to be consolidated with the four cases now before

16  this Court, while simultaneously opposing efforts to actually consolidate those cases.[5]

17       **III.    COUNSEL FOR THE *ENGURASOFF* PLAINTIFFS**
18       **SHOULD BE NAMED AS INTERIM CLASS COUNSEL**

19       Interim class counsel should be appointed.  Here, the Fleischman Law Firm and Pratt &

20  Associates are best suited to serve, respectively, as interim class counsel and local interim class

21  counsel.  Their experience with class actions, in general, and with food misbranding cases,

22  specifically, is extensive.  As discussed below and in the accompanying declarations, they are

23  uniquely qualified to serve the class.

24       When multiple cases are consolidated, it is appropriate to name an interim class counsel,

25  even where a class has not yet been certified. *See Paraggua v. LinkedIn Corp.*, 2012 WL 3763889,

26  _____
    [5]    Defendants do not really want consolidation.  Rather, defendants want to "have their cake
27  and eat it too."  They now take the position that consolidation is appropriate only if the pending
    motion to dismiss the *Engurasoff* complaint is first denied.  They only want consolidation if
28  necessary for their own convenience, regardless of what may be more convenient for the Court and
    the other parties.

at *1 (N.D. Cal. 2012).  "Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Id.*  "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Id* (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)).  Here, claims and alleged classes do overlap.

"Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in" Rule 23(g).  *Id.*  Specifically, Fed. R. Civ. P. 23(g)(1) lists the following factors:

- the work counsel has done in identifying or investigating potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
- counsel's knowledge of the applicable law;
- the resources that counsel will commit to representing the class; and
- any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

*See* Fed. R. Civ. P. 23(g)(1)(A)-(B).[6]

Here, the *Engurasoff* complaint filed by the Fleischman Law Firm and Pratt & Associates was the first to allege that Coca-Cola products are misbranded and illegal because they fail to comply with federal and state laws mandating the disclosure of the use of phosphoric acid as a chemical preservative and as an artificial flavoring.  The Fleischman Law Firm and Pratt & Associates spent hundreds of hours investigating this claim, conducting legal research, and drafting the pleadings.  Fleischman Decl. at ¶ 20.  No other firms have made as extensive an effort to prosecute such claims as these two firms.

---

[6]    In addition, pursuant to Fed. R. Civ. P. 32(g)(1)(C), the Court may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.  The Fleischman Law Firm and Pratt & Associates are prepared to provide any information the Court requires.

A.   **The Fleischman Law Firm Should Be
Appointed Interim Class Counsel**

The plaintiffs in all four actions are in agreement that the Fleischman Law Firm should be appointed interim class counsel.  Keith M. Fleischman is one of the most respected and qualified class action attorneys in the country.  The firm and its attorneys have also led some of the largest and most complex criminal and civil litigations in the United States. The Fleischman Law Firm has brought commercial disputes and high stakes SEC investigations to successful conclusions, won major dismissals of lawsuits and successfully litigated complaints brought on behalf of individual and corporate clients in both state and federal court. The firm has accomplished wide ranging successful outcomes representing a broad range of institutions, corporations, and individuals, including pension funds, hedge funds, and executive officers, both as defendants and plaintiffs.  *See* Fleischman Decl. ¶ 8.

Mr. Fleischman began his legal career with the Bronx District Attorney's Office in the Investigations Bureau, and then the elite Major Offense Bureau, where he investigated and successfully tried numerous cases, including one of the first state court bank fraud prosecutions. He was also cross-designated as an Assistant United States Attorney during a joint state and federal investigation into corruption by New York City public officials.  *Id* at ¶ 9.

In 1988, Mr. Fleischman joined the United States Department of Justice, Criminal Division, Fraud Section as a trial lawyer. During his tenure, he supervised international undercover operations involving counterfeiting, money laundering, and passport fraud.  He also successfully tried to verdict several of the largest criminal prosecutions brought by the government during the savings and loan crises.  Among other things, he served as the chief federal prosecutor in *United States v. Heath*, 970 F.2d 1397 (5th Cir. 1992), a two year investigation that culminated in a four month trial. The defendants received the largest sentences (30 and 20 years, respectively) obtained during the savings and loan prosecutions.  *Id* at ¶ 10.

In 1990, Mr. Fleischman accepted a position as an Assistant United States Attorney in the United States Attorney's Office for the District of Connecticut, where he was in charge of financial fraud.  He originated the Connecticut Bank Fraud Working Group and was a member of the New

England Bank Fraud Task Force Coordinating Committee. As an AUSA, he successfully investigated and prosecuted major financial, violent, and white-collar violations. These included *U.S. v. Capozziello*, 930 F.2d 909 (2d Cir. 1991), where he served as chief trial lawyer in a successful five-week extortion trial; and *U.S. v. Rokofsky*, 920 F.2d 930 (5th Cir. 1990), where he served as co-chief trial lawyer in a month-long trial. *Id* at ¶ 11.

After leaving the government, Mr. Fleischman spent eleven years at the national plaintiffs' firm Milberg, Weiss, Bershad, Hynes & Lerach, where he rose to Senior Managing Partner. There, he litigated and negotiated to settlement numerous high profile individual and class actions. Among other matters, in *Robbins v. Koger Properties, Inc*., 116 F.3d 1441 (11th Cir. 1997), he investigated and successfully tried a securities fraud case against a former big six accounting firm, obtaining an $81.3 million verdict after a five-week trial. In *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000), he litigated and successfully argued before the Second Circuit, obtaining a ground-breaking precedent, establishing the appropriate pleading standard under the Private Securities Litigation Reform Act of 1995 and for the disclosure of confidential informants. *Id* at ¶ 12.

Subsequently, Mr. Fleischman served as a Director of Grant & Eisenhofer, litigating high profile complex cases and class actions. While there, among other things, in *In re Marsh & McLennan Companies, Inc. Securities Litigation*, 2009 WL 5178546 (S.D.N.Y.), he spent four years as co-lead counsel litigating and ultimately negotiating a $400 million settlement with Marsh & McLennan. In *In re Satyam Computer Services Ltd. Securities Litigation*, No. 1:09-MD-02027-JPO (S.D.N.Y.), he obtained a $125 million settlement resulting from a massive fraudulent scheme on the part of senior executives of one of India's largest companies. In *In re TASER International Securities Litigation*, No. C05-0115 (D. Ariz.), he was co-lead counsel on behalf of purchasers of TASER common stock who alleged that the defendants violated federal securities laws through material misrepresentations and omissions regarding, *inter alia*, the safety of TASER's weapons and the nature of studies of those weapons. He obtained a $20 million settlement. *Id* at ¶ 13.

In 2011, Mr. Fleischman founded his own firm. He, together with his team of hand-picked attorneys, represent both plaintiffs and defendants, including public and private corporations, financial institutions and individuals in high-profile commercial litigations, as well as select class

actions.

Matters on which the Fleischman Law Firm has previously worked include the following:

- *NextEra Energy Capital Holdings, Inc. v. Banco Bilbao Vizcaya Argentaria, S.A., et al.,*Case No. 13 Civ. 1873 (S.D.N.Y.) - Represented a Fortune 500 company in a contractual dispute with a consortium of sixteen international banks arising out of the construction and operation of two solar power plants in Spain.

- *Schaeffer v. Kessler*, No. 1:12-CV-08576-PKC (S.D.N.Y.) and *Kessler v. Schaeffer*, No. 654336/2012 (N.Y. Sup.) – Successfully resolved two related cases, involving claims asserted by and against a former employee of a company providing trading, risk, and fund accounting systems to the financial services industry.

- *MacAndrews & Forbes Group v. Gagosian, et al.*, Index No. 653189/2012 (N.Y. Sup Ct.) and *Gagosian Gallery, Inc. v. Perelman, et al.*, Index No. 653181/2012 (N.Y. Sup. Ct.) - Represented a prominent art collector in a dispute over the value of art obtained in a series of purchases and trades.

*Id* at ¶ 15.

With respect to matters the Fleischman Law Firm is currently handling, Mr. Fleischman serves on the executive committee in *In re MF Global Holdings Ltd Investment Litigation*, Case No. 12 MD 2338 (S.D.N.Y.), asserting claims resulting from the well-publicized collapse of MF Global.  *Id* at ¶ 16.   Specifically with respect to food misbranding class actions, in addition to *Engurasoff*, the Fleischman Law Firm also represents the plaintiffs in both *Ang, et al. v. Bimbo Bakeries USA*, Case No. 13 Civ. 1196 (WHO) (N.D. Cal.) and *Reese v. Odwalla, Inc., et al.*, Case No. 13 Civ. 0947 (YGR) (N.D. Cal.).  *Id* at ¶ 17.[7]

Additionally, Mr. Fleischman has been a trial practice instructor at the Trial Practice Institute of the U.S. Justice Department, and served for ten years as co-chairman of the Practicing Law Institute's annual conference on class actions. He has lectured in the United States, Canada, and Europe on the investigation, litigation, and prevention of securities and financial fraud.  *Id* at ¶ 19.

Based on this record of achievement, Mr. Fleischman and the Fleischman Law Firm are well suited to serve as interim class counsel in a consolidated action.

---

[7]      Other matters in which the Fleischman Law Firm is currently involved are discussed in Mr. Fleischman's accompanying declaration.  *See* Fleischman Decl. at ¶ 18.

1

2

**B.      Pratt & Associates Should Be
Appointed Interim Local Class Counsel**

3      The plaintiffs in all four actions are in agreement that Pratt & Associates should be

4   appointed interim local class counsel.  Pratt & Associates, through the efforts and expertise of

5   Pierce Gore, has represented plaintiffs in over fifty food misbranding class actions.  Few, if any,

6   attorneys have the extensive experience that Mr. Gore possesses in the area of food misbranding.

7   *See* Declaration of Pierce Gore dated April 24, 2014 ("Gore Decl.") at ¶ 4.

8      Previously, Mr. Gore was a partner at the prominent plaintiffs' firm of Lieff, Cabraser,

9   Heimann & Bernstein LLP ("LCHB").  *Id*.  While there, the class actions in which he was involved

10   included *In re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litigation*, MDL No. 1410, in

11   which LCHB played a significant role in negotiating a revised global settlement valued at more

12   than $1 billion.  *Id*.  Mr. Gore was also involved in multi-state tobacco litigations in which LCHB

13   represented the Attorneys General of Massachusetts, Illinois, Louisiana, Indiana, Rhode Island and

14   New Hampshire and 18 cities and counties in California, including the City and County of San

15   Francisco, the City of Los Angeles and the City of San Jose, in litigation against Philip Morris, R.J.

16   Reynolds, and other cigarette manufacturers.  *Id*.

17      After founding LCHB's Tennessee office, Mr. Gore prosecuted numerous consumer class

18   actions against insurance companies.  Among other things, in four actions against Progressive

19   Corp., Progressive policyholders ultimately received monetary and injunctive relief valued at more

20   than $500 million.  *Id*.

21      After forming his own firm, Mr. Gore continued to represent plaintiffs in class actions

22   against insurance companies.  Among other matters, he helped settle an action against Safeco

23   Insurance Company, obtaining monetary and injunctive relief valued at more than $100 million.  He

24   prosecuted a case against Travelers Insurance Company, resulting in a settlement that obtained

25   monetary and injunctive relief valued at more than $50 million.  He prosecuted a case against Auto

26   Owners Insurance Company resulting in a settlement that obtained monetary and injunctive relief

27   valued at more than $30 million.  In a protracted multi-state consumer fraud class action against

28   Travelers Property Casualty Insurance Company, Mr. Gore obtained a settlement consisting of

1    monetary and injunctive relief valued at more than $25 million.  *Id*.  He and Pratt & Associates are

2    qualified and well-suited to serve as interim local class counsel in a consolidated action.

3    **IV.    THE COURT SHOULD DIRECT THE FILING**
     **OF A CONSOLIDATED AMENDED COMPLAINT**

4

5    In addition to the consolidation of the cases, the Court should also direct the filing of a

6    consolidated amended complaint.  Because the complaints all allege substantially similar unlawful

7    conduct, the issues raised and any motion practice would be simplified by a consolidated amended

8    complaint.  Indeed, a consolidated amended complaint would streamline and simplify the

9    proceedings in a number of ways.  Among other things, Movants have agreed that a consolidated

10   amended complaint would only allege a class consisting of purchasers of Coca-Cola products in

11   California and Florida.  It would not include the unwieldy national classes currently alleged in the

12   *Nobles* and *Aumiller* complaints.  A consolidated amended complaint would also resolve any

13   differences in the allegations made in the four individual complaints.

14   For these reasons, the pleadings should be consolidated.  *See In re Korean Air Lines Co.,*

15   *Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011) ("A transferee court may require parties to file consolidated

16   amended complaints superseding original ones."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

17   2012 WL 6520368, at *2 (N.D. Cal. 2012) (ordering a consolidated complaint where actions allege

18   common claims against "virtually the same defendants"); *Arteris S.A.S. v. Sonics, Inc.*, 2013 WL

19   3052903, at *9 (N.D. Cal. 2013) (ordering consolidated amended complaint).

20   **V.    THE MOTION TO DISMISS THE *ENGURASOFF* COMPLAINT SHOULD**
     **BE DENIED WITHOUT PREJUDICE AS PREMATURE AND MOOT**

21   It would be more efficient for the Court to hear a single motion to dismiss a consolidated

22   amended complaint in which all parties to all four actions can be heard.  For that reason, the

23   pending motion to dismiss the *Engurasoff* complaint should be denied without prejudice as

24   premature and moot.  The Court's Order dated April 3, 2014 (Engurasoff Dkt. # 51) denied the

25   *Engurasoff* plaintiffs' application to adjourn proceedings relating to defendants' motion to dismiss

26   pending determination of a consolidation motion.  However, should the Court determine that

27   consolidation is appropriate and that a consolidated amended complaint should be filed, the April 3

28   Order does not preclude a determination by the Court that, at this time, the motion to dismiss the

1    *Engurasoff* complaint is premature and moot where a motion to dismiss a forthcoming consolidated

2    amended complaint would permit issues common to all four actions to be resolved with a single

3    motion.  Unlike a determination limited to the *Engurasoff* complaint, a ruling on a consolidated

4    amended complaint would be binding upon the plaintiffs in all four actions.

5          Additionally, deferral of a decision on the merits of all Movants' claims until after a

6    consolidated amended complaint is filed would have the benefit of permitting briefing on expected

7    changes in the law by the Supreme Court that would be directly relevant to the above-captioned

8    actions.  In their papers in support of their motion to dismiss the *Engurasoff* complaint, defendants

9    inaccurately assert that the alleged claims are preempted.  In support of that argument, defendants

10   rely heavily upon *Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170 (9th Cir. 2012), another

11   case in which The Coca-Cola Company has been accused of misbranding food products.  That case

12   is now before the Supreme Court and, at oral argument held on April 21, 2014, the Justices were

13   both strongly critical of The Coca-Cola Company's labelling of food products, and implied that

14   they will reverse the decision of the Ninth Circuit.[8]  Such a reversal would be the last nail in the

15   coffin of defendants' already tenuous preemption arguments.  Moreover, the conduct of The Coca-

16   Cola Company at issue in *Pom Wonderful* (deceptively referring to a product as pomegranate

17   blueberry juice when it is only 0.3% pomegranate juice and 0.2% blueberry juice) further

18   demonstrates a pattern and practice on the part of The Coca-Cola Company and its related entities

19   of deceiving consumers with misleading labels.

20                                   **<u>CONCLUSION</u>**

21          For the aforementioned reasons, Movants respectfully request that the Court grant all relief

22   sought herein.

23   Dated:  April 24, 2014                              Respectfully submitted,

24

25

26

27

28   _____
     [8]      The transcript of the oral argument is annexed as Fleischman Decl. Ex. K.

1    _____/s/ Ben F. Pierce Gore_____
2    Ben F. Pierce Gore (SBN 128515)
     PRATT & ASSOCIATES
3    1871 The Alameda, Suite 425
     San Jose, CA  95126
4    Telephone:  (408) 429-6506
     Fax:  (408) 369-0752
5    pgore@prattattorneys.com

6
     Keith M. Fleischman (*admitted pro hac vice*)
7    Bradley F. Silverman (*admitted pro hac vice*)
     THE FLEISCHMAN LAW FIRM, PLLC
8    565 Fifth Avenue, Seventh Floor
     New York, New York 10017
9    Telephone: (212) 880-9571
     Fax:  (917) 591-5245
10   keith@fleischmanlawfirm.com
11   bsilverman@fleischmanlawfirm.com

12   *Attorneys for George Engurasoff*
     *and Joshua Ogden*
13

14   _____/s/ Mark L. Knutson_____
15   Mark L. Knutson
     FINKELSTEIN AND KRINSK LLP
16   501 West Broadway, Suite 1250
     San Diego, CA 92101-3593
17   (619)238-1333
18   Fax: (619)238-5425
     Email: mlk@classactionlaw.com
19
     *Attorneys for Paul Merritt*
20

21

22

23

24

25

26

27

28

_____/s/ Reginald Von Terrell_____
Reginald Von Terrell
The Terrell Law Group
Post Office Box 13315, PMB #148
Oakland, CA 94661
510-237-9700
Fax: 510-237-4616
Email: reggiet2@aol.com

Sydney Jay Hall
1308 Bayshore Hwy., Suite 220
Burlingame, CA 94010
650-342-1830
Email: sydneyhalllawoffice@yahoo.com

*Attorneys for Ayanna Nobles and Julia Hughes*

_____/s/ Phillip Timothy Howard_____
Phillip Timothy Howard
Howard and Associates, P.A.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
850-298-4455
Email: tim@howardjustice.com

*Attorneys for Bristol I. Aumiller*

1

**ECF ATTESTATION**

2

I, Bradley F. Silverman, am the ECF User whose ID and password are being used to file

3

the foregoing NOTICE AND MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION

4

TO CONSOLIDATE CASES AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL.

5

In compliance with General Order 45, X.B., I hereby attest that all the above signatories have

6

concurred in this filing.

7

8

Dated: April 24, 2014

9

_____*/s/ Bradley F. Silverman*_____
BRADLEY F. SILVERMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28